IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

RODNEY D. DUCKWORTH                    *

     Plaintiff,                                   *

           v.                                * CIVIL ACTION NO. 3:05-CV-727-T
                                                 (WO)

RANDOLPH COUNTY JAIL, *et al.*,          *

     Defendants.                              *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff is currently incarcerated in the Randolph County Jail located in Wedowee, Alabama. He filed this 42 U.S.C. § 1983 complaint on August 3, 2005 alleging that the conditions of confinement in the jail are unconstitutional. Plaintiff seeks compensation for his pain and suffering due to the conditions under which he is housed. The named defendants include the Randolph County Jail, District Judge W. Patrick Whaley, Sheriff Jeff Fuller, Chief Shirley Johnson, and Captain Craig Davidson. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Randolph County Jail and Judge Whaley prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

## I. DISCUSSION

*A.  The Randolph County Jail*

The Randolph County Jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that Plaintiff's claims against the Randolph County Jail are due to be dismissed  pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

*B.  The Honorable W. Patrick Whaley*

Judge Whaley is the district judge for the District Court for Randolph County. While the court cannot find any specific factual allegations brought against Judge Whaley in the instant complaint, any attempt to sue this individual for actions taken by him in his capacity as a district judge may not proceed.  The law is well-settled that state judges are absolutely immune from damages liability when sued under 42 U.S.C. § 1983 for actions taken in the course of their judicial duties.  *Stump v. Sparkman*, 435 U.S. 349 (1978); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.    Plaintiff's claims against the Randolph County Jail and Judge Whlaey be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii);

2.   The Randolph County Jail and Judge Whaley be DISMISSED as parties to this complaint; and

3.   This case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 17, 2005**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of August, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE