IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

RODNEY D. DUCKWORTH           *

   Plaintiff,                 *

       v.                      * CIVIL ACTION NO. 3:05-CV-727-T
                                        (WO)
RANDOLPH COUNTY JAIL, *et al.*,   *

   Defendants.                *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on August 3, 2005. On August 5, 2005 the court entered an order of procedure which instructed Plaintiff, among other things, to inform the court of any change in his address as all parties have an affirmative duty to notify the court and opposing parties of any address changes. (Doc. No. 5.)

It recently came to the court's attention that Plaintiff is no longer residing at the most recent address he provided to the court. Consequently, an order was entered on October 5, 2005 directing Plaintiff to provide the court with his present address on or before October 14, 2005. ( Doc. No. 11.) Plaintiff was cautioned that his failure to comply with the court's October 5 order would result in a recommendation that this case be dismissed. (*Id*.) Plaintiff's copy of the court's October 5 order was returned to the court marked "no such person at this address," because Plaintiff is not longer residing at the most recent address he

provided to the court. As it appears clear that Plaintiff is no longer residing at the address he provided to the court when he filed the instant complaint and that he has not provided this court with a new address, the undersigned concludes that dismissal of the complaint is appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action properly and to comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 26, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of October 2005.

>**/s/ Delores R. Boyd**
>DELORES R. BOYD
>UNITED STATES MAGISTRATE JUDGE